Michael D. Lee (SBN 273530)
Michael.Lee@Lee-Li.com
Lee Bankruptcy & Restructuring Counsel
75 East Santa Clara Street, Suite 1390
San Jose, California 95113
408-320-5275
408-982-3285

*Attorneys for Debtor*
*Michael Anthony Mannina*

IN THE UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re:

MICHAEL ANTHONY MANNINA,

DEBTOR.

Case No. 23-40197 WJL

Chapter: 13

**MOTION FOR ORDER EXTENDING FULL AUTOMATIC STAY**

**11 U.S.C. § 362(c)(3); Fed. Bankr. 4001; BLR 4001-2**

Notice & Opportunity for Hearing
BLR 9014-1(b)(3)

**TO: THE HONORABLE WILLIAM J. LAFFERTY; THE CHAPTER 13 TRUSTEE, ALL CREDITORS; AND ALL OTHER INTERESTED PARTIES.**

**I. MOTION**

Debtor Michael Anthony Mannina, by and through Michael D. Lee his attorney of record, hereby moves this Court pursuant to 11 U.S.C. §362(c)(3); Federal Rules of Bankruptcy Procedure Rule 4001; and Bankruptcy Local Rule 4001-2, to enter an order extending and continuing the full protections of the automatic stay in this case until they would terminate under 11 U.S.C. §362(c)(1) or (2), or until further order of the Court.

1

MOTION FOR ORDER EXTENDING AUTOMATIC STAY

Case: 23-40197    Doc# 11    Filed: 02/28/23    Entered: 02/28/23 11:56:43    Page 1 of 3

## II. STATEMENT OF FACTS

**Introduction**

1. On February 22, 2023, Debtor filed for relief under chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court").

2. The case was filed on an emergency basis because Debtor has a foreclosure sale date set for February 23, 2023.

3. Debtor had filed *pro per* one earlier bankruptcy case within the one year of filing, Case No. 23-40057 in this court, and that case was dismissed on February 6, 2023, within one year before the filing of this case.

4. Debtor also had a further prior case, 18-41838 within the last eight years which resulted in a confirmed chapter 13 plan which lasted until May 3, 2021.

5. Debtor's prior 2023 case was dismissed for failure to file to file documents within 14 days after the filing of the case.

6. Debtor's reason for failing to file documents was because Debtor filed the case *pro per* and thus was unaware as to the complexity of filing the required statements, schedules, and related documents.

7. Debtor's prior 2018 case was filed with an attorney who advanced the case on behalf of Debtor successfully. Debtor was under the impression that he would be able to similarly repeat that experience himself but then realized that the forms and schedules from 2018 had been substantially updated and along with the date needed for the schedules and thus found self-prosecution of the case impossible.

8. No motion for relief from the automatic stay was pending in the prior case when it was dismissed, and no such motion had resulted in termination, conditioning, or limiting the automatic stay.

**Change in Debtor's Circumstances:**

9. Debtor has retained undersigned counsel to prosecute and advance this current case.

MOTION FOR ORDER EXTENDING AUTOMATIC STAY

Case: 23-40197    Doc# 11    Filed: 02/28/23    Entered: 02/28/23 11:56:43    Page 2 of 3

## III. MEMORANDUM OF POINTS AND AUTHORITIES

**Grounds for Continuing the Stay:**

1. Pursuant to 11 U.S.C. §362(c)(3) the stay should be continued on the following grounds:

    a. Debtor's current case is filed in good faith. Debtor has filed this second case in one year as a good faith effort to provide for resolution of his debt issues via the bankruptcy code. Debtor's first case was dismissed due to Debtor filing the case *pro per*. Debtor did not have a realistic chance of success operating a chapter 13 case without the guidance of counsel. Debtor has a realistic plan to cure the arrears on his home mortgage over time in compliance with the bankruptcy code.

2. The presumption of a bad faith filing under 11 U.S.C. §362(c)(3)(C)(i) is overcome in this case as to all creditors because the there has been a substantial change in Debtor's personal circumstances – Debtor has retained counsel to file and prosecute this case. The prior case was dismissed due to an inability to understand and meet the requirements of the court. Debtor has retained counsel to solve that deficiency and place the case toward confirmation and success.

## I. REQUEST FOR RELIEF

**WHEREFORE,** the Debtor respectfully requests, pursuant to 11 U.S.C. §362(c)(3); Federal Rules of Bankruptcy Procedure Rule 4001; and Bankruptcy Local Rule 4001-2, that this Court

1. Continue the automatic stay as to all creditors until it would terminate under section 362(c)(1) or (2), or until further order of the Court;

2. And for such other and further relief as the Court deems reasonable and just.

Respectfully Submitted,

Lee Bankruptcy & Restructuring Counsel

Dated: February 28, 2023

Signed: /s/ Michael D. Lee

Michael D. Lee, Esq.

MOTION FOR ORDER EXTENDING AUTOMATIC STAY

Case: 23-40197   Doc# 11   Filed: 02/28/23   Entered: 02/28/23 11:56:43   Page 3 of 3