Fanny Wan (SBN 277606)
fwan@raslg.com
**ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLP**
350 10th Avenue, Suite 1000
San Diego, CA 92101
Telephone: (470) 321-7112 ext. 52286

Attorney for U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| IN RE:<br><br>Michael Anthony Mannina,<br><br>Debtor. | CASE NO.: 23-40197<br>CHAPTER 13<br>R.S. No. RAS - 1<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>**Date:** August 16, 2023<br>**Time:** 9:30 AM<br>**Location:** 1300 Clay Street, Suite 300<br>Oakland, CA 94612<br>Judge: William J. Lafferty |

### I. INTRODUCTION

Secured Creditor, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST (hereinafter referred to as "Movant"), by and through the undersigned counsel, hereby moves this Court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause on the grounds that Debtor have defaulted on the obligations secured by the subject property and Movant's interest in the property is not adequately protected.

- 1 -
CASE NO. 23-40197
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

## II. JURISDICTION

The motion is brought pursuant to Local Bankruptcy Rule 4001-1, 9013-1, and 9014-1 of the Local Rules of Practice for the United States Bankruptcy Court, Northern District of California and is supported by the concurrently filed notice and declaration, as well as all other papers and pleadings on file in the Debtor's bankruptcy case, and such other evidence as may be filed prior to, or presented at, the hearing(s) in this matter.

The Bankruptcy Court has jurisdiction over this proceeding pursuant to 11 U.S.C. § 362. 28 U.S.C. §157 and §1334, and it is a core proceeding within the definition of 28 U.S.C. §157(b).

## III. RELIEF REQUESTED

Movant requests the Court enter an Order:

a. Granting relief from the automatic stay to allow Movant to exercise all available rights and remedies with respect to the real property collateral under the Promissory Note and Deed of Trust (and related documents) and applicable non-bankruptcy law;

b. Establishing that the Order hereon be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code;

c. Granting Movant the authority to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding

d. Waiving the 14-day stay set forth in Bankruptcy Rule 4001(a)(3); and

e. For such other and further relief as is just and appropriate in the circumstances of this case.

## IV. FACTUAL BACKGROUND

Debtor Michael Anthony Mannina, filed a voluntary petition pursuant to Chapter 13 of

Case: 23-40197    Doc# 59    Filed: 07/25/23    Entered: 07/25/23 13:02:36    Page 2 of 6

the United States Bankruptcy Code on February 22, 2023.

On July 20, 2005, Debtor Michael A. Mannina executed and delivered a Promissory Note ("Note") and Deed of Trust ("Deed of Trust") securing payment of the Note in the amount of $322,000.00 to Countrywide Bank, a Division of Treasury Bank, N.A. ("Lender"). The Deed of Trust was recorded on July 29, 2005, in Document Number 2005-0282543-00 in the Public Records of Contra Costa County, California. The loan was transferred to Secured Creditor. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "A." The documents include copies of the Note with any required indorsements, Recorded Deed of Trust, Assignment(s) of Deed of Trust, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

The Deed of Trust provides Secured Creditor a lien on the real property located in Contra Costa County, California, and legally described in Exhibits. This property is located at the street address of: 2755 Eastgate Avenue, Concord, California 94520 ("Subject Property").

The terms of the aforementioned Note and Deed of Trust have been in default, and remain in default, since April 1, 2023. See Secured Creditor's Declaration filed concurrently with this Motion and attached hereto as Exhibit B.

As of July 11, 2023, Secured Creditor is due the following amount:

| | |
|---|---|
| Principal Balance | $226,143.75 |
| Interest | $13,816.41 |
| Escrow Advance | $4,331.59 |
| Suspense Balance | ($24.98) |
| Total Fees | $184.00 |
| ACCUM Late Charges | $105.04 |
| Recoverable Balance | $7,766.47 |
| Total Debt | $252,322.28 |

According to Movant's Broker's Price Opinion, the value of the property is $550,000.00. See Exhibit "C" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

## V. LEGAL ARGUMENT

### A. "Cause" Exists Justifying Relief From The Automatic Stay Pursuant To 11 U.S.C § 362(D)(1)

"Cause" justifying relief from stay includes (but is not limited to) "lack of adequate protection of an interest in property" of the party requesting relief. 11 U.S.C. 362(d)(1). Whether there is adequate protection is a question of fact. *Matter of Plaza Family Partnership*, 95 B.R. 166, 171 (Bkrtcy. E.D.Cal. 1989); *In re O'Connor*, 808 F.2d 1393, 1395 (10th Cir. 1987). The debtor has the burden of proving that the secured creditor's interest in property (i.e., the collateral) is adequately protected. 11 U.S.C. § 362(g)(2); *In re Gauvin*, 24 B.R. 578, 580 (B.A.P. 9th Cir. 1982); *Matter of La Jolla Mortg. Fund v. Rancho Cajon Assocs.*, 18 B.R. 283, 288 (Bkrtcy. S.D. Cal. 1982); *Matter of Boomgarden*, 780 F2d 657, 663 (7th Cir. 1985). This includes proving "equity."

"Cause" is not specifically defined in the Bankruptcy Code. What constitutes "cause" for granting relief from the automatic stay is decided on a case-by-case basis. *Konremyer v. American Contractors Indemnity Co.*, 405 B.R. 915, 921 (9th Cir. BAP 2009). "Cause" includes a debtor's failure to make post-petition mortgage payments. *In re Ellis*, 60 B.R. 432 (B.A.P. 9th Cir. 1982).

In this instant case, Movant lacks adequate protection as a result of the Debtors failure to make post-petition payments on their loan with Movant due since April of 2023. Movant has not received any assurances from the Debtor that they intend to cure the missed payments or that they will make payments going forward. Accordingly, relief from stay should be granted so that Movant may exercise its rights under state law.

- 4 -      CASE NO. 23-40197
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

For all of these reasons, cause exists for the Court to grant relief from stay.

### B. The Recovery of Reasonable Attorneys' Fees Incurred throughout the Bankruptcy is Appropriate in Accordance with Loan Documents

According to the Loan Documents executed by and between Movant and Debtor, Movant is entitled to its costs and expenses in enforcing its interest to the extent not prohibited by applicable law. Specifically, Page 3 Section 7(E) of the Notice which can be found in Exhibit A states, "The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees."

Movant is seeking $1,238.00 in attorney's fees as a result of the fees incurred in the filing of this motion. Part of those fees include a $188.00 filing fee while the remaining balance can be attributed to the amount incurred by Movant's attorneys in drafting this Motion. As such, reasonable attorneys' fees are recoverable in accordance with the applicable loan documents.

### C. The 14-day Stay of Bankruptcy Rule 4001(a)(3) Should be Waived

As indicated above, cause exists to grant relief from the automatic stay in order to preserve and protect the Property. If relief from the automatic stay is granted, the Court should waive the 14-day stay of Bankruptcy Rule 4001(a)(3) to allow Movant to avoid any further delay in exercising Movant's rights and remedies under the Loan documents and applicable non-bankruptcy law. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

## VI. CONCLUSION

**WHEREFORE**, based upon all of the above, Movant respectfully requests that this Court enter an order as follows:

- 5 -  CASE NO. 23-40197
MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Case: 23-40197    Doc# 59    Filed: 07/25/23    Entered: 07/25/23 13:02:36    Page 5 of 6

a. Granting relief from the automatic stay to allow Movant to exercise all available rights and remedies with respect to the real property collateral under the Promissory Note and Deed of Trust (and related documents) and applicable non-bankruptcy law;

b. Establishing that the Order hereon be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code;

c. Granting Movant the authority to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding

d. Waiving the 14-day stay set forth in Bankruptcy Rule 4001(a)(3); and

e. For such other and further relief as is just and appropriate in the circumstances of this case.

Date: 07/25/2023

                                        Robertson, Anschutz, Schneid & Crane LLP
                                        Attorney for Secured Creditor
                                        350 10th Avenue, Suite 1000
                                        San Diego, CA 92101
                                        Telephone: (470) 321-7112 ext. 52286
                                        By: /s/ Fanny Wan
                                        Fanny Wan (SBN 277606)
                                        Email: fwan@raslg.com