Fanny Wan ((SBN 277606)
fwan@raslg.com
ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLP
350 10th Avenue, Suite 1000
San Diego, CA 92101
Telephone:(470)321-7112 ext.52286

Attorneys for Creditor
U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>**Michael Anthony Mannina,**<br><br>**Debtor.** | Case No. **23-40197**<br><br>Chapter 13<br><br>**STIPULATION GRANTING ADEQUATE PROTECTION PAYMENTS** |

This Stipulation Granting Adequate Protection Payments ("Stipulation") is entered by and between Selene Finance LP as Servicer for U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST (collectively the "Creditor"), by and through its attorneys of record, Robertson, Anschutz, Schneid & Crane LLP, and Michael Anthony Mannina ("Debtor"), by and through her attorney of record, Michael D. Lee. Debtor and Creditor are collectively sometimes referred to herein as the "Parties."

The property which is the subject of this Stipulation is commonly known as 2755 Eastgate Avenue, Concord, CA 94520. ("Property").

**THE PARTIES STIPULATE AS FOLLOWS:**

1. Debtors shall tender regular monthly payments in the amount of **$1,537.57**, which amount is subject to change, pursuant to the terms of the note and deed of trust, commencing

September 1, 2023, and continuing until all such outstanding amount under the Note are to be paid in full.

2. The post-petition arrears are calculated as follows:

**Monthly Mortgage Payments**:

| Payment Due Date | Monthly Payment Amount | Missed Payments |
|---|---|---|
| 4/1/2023 – 8/1/2023 | $1,537.57 | 5 |
| | TOTAL: | $7,687.85 |

**Attorney's Fees & Costs for the Motion**:

Attorney's Fees:                  $1,050.00
Costs (Filing Fee):               $188.00
**TOTAL:**                         **$1,238.00**

**Total Arrears**:

Post-Petition Delinquent Payments:    $7,687.85
Fees & Costs                          $1,238.00
LESS: Suspense                  $(1,510.79)

**TOTAL:**                             **$7,415.06 (the "Post-Petition Arrears")**

3. In addition to regular monthly payments, Debtor shall tender payments in the sum of **$1,235.84** commencing September 15, 2023, and continuing on the 15th day of each month thereafter until January 15, 2024, with a final payment in the amount of **$1,235.86** on February 15, 2024, as follows.

| APO Due Date | Payment Amount |
|---|---|
| 09/15/2023 | $1,235.84 |
| 10/15/2023 | $1,235.84 |
| 11/15/2023 | $1,235.84 |
| 12/15/2023 | $1,235.84 |
| 01/15/2024 | $1,235.84 |

- 2 -      CASE NO. 23-40197
**STIPULATION GRANTING ADEQUATE PROTECTION PAYMENTS**
Case: 23-40197    Doc# 63    Filed: 08/08/23    Entered: 08/08/23 13:14:16    Page 2 of 4

| | |
|---|---|
| 02/15/2024 | $1,235.86 |
| **TOTAL:** | **$7,415.06** |

All payments due and owing under the Note and to cure the Post-Petition Arrears pursuant to this Stipulation shall be paid to Creditor as follows:

Selene Finance LP

3501 Olympus Boulevard

Suite 500

Dallas, Texas 75019

4. In the event of any future default of any provision of this Stipulation, Creditor shall provide written notice to Debtor via U.S. First Class Mail at 2755 Eastgate Avenue, Concord, CA 94520 and to Debtor's counsel via email at Michael.Lee@Lee-Li.com, indicating the nature and extent of the default. If Debtor fail to cure the default with certified funds after the passage of ten (10) calendar days from the date that the written notice of default is placed in the mail, then Creditor may file an *Ex Parte* Declaration of Non-Cure and lodge an Order Terminating the Automatic Stay with respect to the Property with the Bankruptcy Court. Upon entry of the Order Terminating the Automatic Stay, the automatic stay under 11 U.S.C. § 362(a) and the co-debtor stay under 11 U.S.C. § 1301(a) (to the extent applicable) shall immediately be terminated in its entirety so that Creditor may proceed under applicable non-bankruptcy law to enforce its rights and remedies against the Property, including but not limited to, commencing non-judicial foreclosure proceedings and obtaining possession of the Property without further order of the Bankruptcy Court.

5. The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder.

6. In the event that Creditor is granted relief from the automatic stay, Creditor and Debtor hereby stipulate and agree that the fourteen (14) day stay provided for by Federal Rule of Bankruptcy Procedure 4001(a)(3) shall be waived in its entirety.

7.      The foregoing terms and conditions shall be binding only during the pendency of the above-captioned bankruptcy case. If, at any time, the automatic stay under 11 U.S.C. § 362(a) and/or the co-debtor stay under 11 U.S.C. § 1301(a) (to the extent applicable) is terminated with respect to the Property by court order or by operation of law, the terms and conditions of this Stipulation shall cease to be binding and Creditor may proceed to enforce its remedies under applicable non-bankruptcy law against the Property, Debtor, and/or any co-debtor (to the extent applicable).

8.      In the event that this case is converted to a case under Title 11, Chapter 7 of the United States Code, the automatic stay provided for under 11 U.S.C. § 362(a) with respect to the Property shall automatically be terminated in its entirety without any further notice, order, or proceeding of the Bankruptcy Court. Further, if the automatic stay under 11 U.S.C. § 362(a) is terminated as a matter of law, the foregoing terms and conditions shall cease to be binding and Creditor may proceed to enforce its remedies under applicable non-bankruptcy law against the Property, Debtor, and/or any co-debtor (to the extent applicable).

9.      Any notice that Creditor shall be required to provide to Debtor or Debtor's attorney pursuant to the terms of this Stipulation shall not in any manner whatsoever be construed to be a communication under the Fair Debt Collection Practices Acts (FDCPA) as set forth in 15 U.S.C. § 1692 *et seq.*

**IT IS SO STIPULATED AND AGREED**:

Dated: August 8, 2023

**LEE BANKRUPTCY & RESTRUCTURING COUNSEL**

/s/ Michael D. Lee
MICHAEL D. LEE
Attorney for Debtor

Dated: August 8, 2023

**ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLP**

/s/ Fanny Wan
FANNY WAN
Attorney for Creditor