Sean C. Ferry (SBN 310347)
sferry@raslg.com
**ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLP**
1 Park Plaza, Suite 600
Irvine, CA 92614
Telephone: (470) 321-7112

Attorney for Secured Creditor
U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST

UNITED STATES BANKRUPTCY COURT

NORTHER DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| IN RE:<br><br>Michael Anthony Mannina,<br><br>Debtor. | CASE NO.: 23-40197<br>**CHAPTER 13**<br><br>R.S. No. RAS - 1<br><br>**DECLARATION REGARDING DEBTOR'S DEFAULT ON STIPULATION GRANTING ADEQUATE PROTECTION PAYMENTS AND REQUEST FOR RELIEF FROM STAY** |

I, _____Felicia Frazier_____, declare under penalty of perjury as follows:

1. I am over the age of eighteen and am authorized to make this declaration on behalf of Selene Finance LP.

2. I am employed as a ____BANKRUPTCY SPECIALIST____ for Selene Finance LP. In this position, I have access to the business records of Selene Finance LP and my responsibilities include ascertaining and verifying amounts due and payable as to delinquent

- 1 -   CASE NO. 23-40197
**DECLARATION REGARDING DEBTOR'S DEFAULT ON STIPULATION GRANTING ADEQUATE PROTECTION PAYMENTS AND REQUEST FOR RELIEF FROM STAY**

Case: 23-40197    Doc# 94    Filed: 12/27/24    Entered: 12/27/24 13:19:05    Page 1 of 19

bankruptcy accounts. This Declaration is provided in support of the Motion for Relief from Stay (DE#59) (the "Motion") filed.

3. Selene Finance LP, is the servicer of the loan and is authorized to act on behalf of the holder of the Note U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST.

4. I make this declaration based upon my review of the records with regard to this underlying loan transaction, which are kept in the ordinary course of business of Selene Finance LP. I have personal knowledge of and am familiar with the types of records maintained by Selene Finance LP in connection with the loan that is the subject of the Motion (the "Loan") and the procedures for creating those types of records. I have access to and have reviewed the books, records and files of Selene Finance LP, that pertain to the Loan and extensions of credit given to Debtor(s) concerning the property securing such Loan.

5. The information in this declaration is taken from Selene Finance LP's business records regarding the Loan. The records are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of Selene Finance LP's regularly conducted business activities; and (c) it is the regular practice of Selene Finance LP, to make such records.

6. I make this Declaration for use in Connection with a Motion for Relief from Stay (DE #59) filed by Movant, on or about July 25, 2023, and the Order (DE #67) of this Court on August 22, 2023.

7. Per the terms of the Order, on or about October 26, 2024, a Notice of Default was

- 2 -  CASE NO. 23-40197

**DECLARATION REGARDING DEBTOR'S DEFAULT ON STIPULATION GRANTING ADEQUATE PROTECTION PAYMENTS AND REQUEST FOR RELIEF FROM STAY**

served on the Debtors and Debtors' attorney. A copy of the Notice of Default is annexed hereto and made a part hereof as part of the Exhibit.

8. Based on Debtor failure to cure the default and the terms of the Order, we would respectfully request that this Court issue an Ex Parte Order Granting Relief from the Automatic Stay be entered.

9. The following chart sets forth those post-petition payments due pursuant to the terms of the Order that have been missed by the Debtors as of November 5, 2024.

| Number of Missed Payments | From | To | Monthly Missed Principal and Interest | Monthly Missed Escrow (if applicable) | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 2 | 4/1/2024 | 5/1/2024 | N/A | N/A | $1,537.57 | $3,075.14 |
| 6 | 6/1/2024 | 11/1/2024 | N/A | N/A | $1,572.55 | $9,435.30 |
| Less post-petition partial payments (suspense balance): | | | | | | ($1,369.10) |
| | | | | | **Total:** | **$11,141.34** |

10. As of November 5, 2024, the total post-petition arrearage/delinquency is **$11,141.34**, consisting of (i) the foregoing total of missed post-petition payments in the amount of **$11,141.34**, plus (ii) the following Stipulation Payments:

[SPACE INTENTIONALLY LEFT BLANK]

| Date | Description | Amount |
|------|-------------|--------|
| N/A  | N/A         | N/A    |

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of December, 2024.

_Felicia Frazier_
Signature
Felicia Frazier
Name
BANKRUPTCY SPECIALIST
Title

STATE OF: **TEXAS**

COUNTY OF: **DALLAS**

Felicia Frazier as authorized representative of Selene Finance LP, its Bankruptcy Specialist. The foregoing instrument was acknowledged before me by means of physical presence this 10th day of December 2024; by Felicia Frazier, as Bankruptcy Specialist for Selene Finance LP.

STANLEY ROGERS, JR.
Notary Public, State of Texas
Comm. Expires 02-23-2027
Notary ID 134216864

Signature of Notary Public
Stanley Rogers Jr.
Printed Name of Notary Public

Personally Known ✓ ; OR Produced Identification

_____
(Type of identification produced)

- 4 -
CASE NO. 23-40197
**DECLARATION REGARDING DEBTOR'S DEFAULT ON STIPULATION GRANTING ADEQUATE PROTECTION PAYMENTS AND REQUEST FOR RELIEF FROM STAY**



1  Fanny Wan (SBN 277606)
   fwan@raslg.com
2  ROBERTSON,
   ANSCHUTZ, SCHNEID &
3  CRANE, LLP
   350 10th Avenue, Suite 1000
4  San Diego, CA 92101
   Telephone:(561)241-6901 ext.52286
5
   Attorneys for Creditor
6  U.S. BANK TRUST NATIONAL
   ASSOCIATION, NOT IN ITS
7  INDIVIDUAL CAPACITY BUT
   SOLELY AS OWNER TRUSTEE
8  FOR RCF2 ACQUISITION TRUST

The following constitutes the order of the Court.
Signed: August 22, 2023

_William Lafferty, III_

William J. Lafferty, III
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>Michael Anthony Mannina,<br><br>Debtor. | Case No. 23-40197-WJL<br><br>R.S. NO. RAS-1<br><br>Chapter 13<br><br>**ORDER APPROVING STIPULATION GRANTING ADEQUATE PROTECTION PAYMENTS** |

The parties have agreed to the terms set forth in the Stipulation Granting Adequate Protection Payments (the "Stipulation") and are bound by the terms of their Stipulation. The Stipulation, docket number 63, is hereby approved and made an order of the court.

**END OF ORDER**

- 1 -    CASE NO. 23-40197-WJL
ORDER APPROVING STIPULATION GRANTING ADEQUATE PROTECTION PAYMENTS

## COURT SERVICE LIST

Electronically mailed to ECF registered participants

- 2 -   CASE NO. 23-40197-WJL
**ORDER APPROVING STIPULATION GRANTING ADEQUATE PROTECTION PAYMENTS**

Case: 23-40197   Doc# 67   Filed: 08/22/23   Entered: 08/22/23 17:46:13   Page 2 of 2
Case: 23-40197   Doc# 94   Filed: 12/27/24   Entered: 12/27/24 13:19:05   Page 6 of 19

```
 1  Fanny Wan ((SBN 277606)
    fwan@raslg.com
 2  ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLP
    350 10th Avenue, Suite 1000
 3  San Diego, CA 92101
    Telephone:(470)321-7112 ext.52286
 4

 5  Attorneys for Creditor
    U.S. BANK TRUST NATIONAL
 6  ASSOCIATION, NOT IN ITS INDIVIDUAL
    CAPACITY BUT SOLELY AS OWNER
 7  TRUSTEE FOR RCF2 ACQUISITION TRUST
```

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| In re | Case No. **23-40197** |
|---|---|
| **Michael Anthony Mannina,** | Chapter 13 |
| Debtor. | **STIPULATION GRANTING ADEQUATE PROTECTION PAYMENTS** |

This Stipulation Granting Adequate Protection Payments ("Stipulation") is entered by and between Selene Finance LP as Servicer for U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST (collectively the "Creditor"), by and through its attorneys of record, Robertson, Anschutz, Schneid & Crane LLP, and Michael Anthony Mannina ("Debtor"), by and through her attorney of record, Michael D. Lee. Debtor and Creditor are collectively sometimes referred to herein as the "Parties."

The property which is the subject of this Stipulation is commonly known as 2755 Eastgate Avenue, Concord, CA 94520. ("Property").

**THE PARTIES STIPULATE AS FOLLOWS:**

1. Debtors shall tender regular monthly payments in the amount of **$1,537.57**, which amount is subject to change, pursuant to the terms of the note and deed of trust, commencing

September 1, 2023, and continuing until all such outstanding amount under the Note are to be paid in full.

2. The post-petition arrears are calculated as follows:

**Monthly Mortgage Payments**:

| Payment Due Date | Monthly Payment Amount | Missed Payments |
|---|---|---|
| 4/1/2023 – 8/1/2023 | $1,537.57 | 5 |
|  | **TOTAL:** | **$7,687.85** |

**Attorney's Fees & Costs for the Motion**:

| | |
|---|---|
| Attorney's Fees: | $1,050.00 |
| Costs (Filing Fee): | $188.00 |
| **TOTAL:** | **$1,238.00** |

**Total Arrears**:

| | |
|---|---|
| Post-Petition Delinquent Payments: | $7,687.85 |
| Fees & Costs | $1,238.00 |
| LESS: Suspense | $(1,510.79) |
| **TOTAL:** | **$7,415.06 (the "Post-Petition Arrears")** |

3. In addition to regular monthly payments, Debtor shall tender payments in the sum of **$1,235.84** commencing September 15, 2023, and continuing on the 15th day of each month thereafter until January 15, 2024, with a final payment in the amount of **$1,235.86** on February 15, 2024, as follows.

| APO Due Date | Payment Amount |
|---|---|
| 09/15/2023 | $1,235.84 |
| 10/15/2023 | $1,235.84 |
| 11/15/2023 | $1,235.84 |
| 12/15/2023 | $1,235.84 |
| 01/15/2024 | $1,235.84 |

| | |
|---|---|
| 02/15/2024 | $1,235.86 |
| **TOTAL:** | **$7,415.06** |

All payments due and owing under the Note and to cure the Post-Petition Arrears pursuant to this Stipulation shall be paid to Creditor as follows:

Selene Finance LP

3501 Olympus Boulevard

Suite 500

Dallas, Texas 75019

4. In the event of any future default of any provision of this Stipulation, Creditor shall provide written notice to Debtor via U.S. First Class Mail at 2755 Eastgate Avenue, Concord, CA 94520 and to Debtor's counsel via email at Michael.Lee@Lee-Li.com, indicating the nature and extent of the default. If Debtor fail to cure the default with certified funds after the passage of ten (10) calendar days from the date that the written notice of default is placed in the mail, then Creditor may file an *Ex Parte* Declaration of Non-Cure and lodge an Order Terminating the Automatic Stay with respect to the Property with the Bankruptcy Court. Upon entry of the Order Terminating the Automatic Stay, the automatic stay under 11 U.S.C. § 362(a) and the co-debtor stay under 11 U.S.C. § 1301(a) (to the extent applicable) shall immediately be terminated in its entirety so that Creditor may proceed under applicable non-bankruptcy law to enforce its rights and remedies against the Property, including but not limited to, commencing non-judicial foreclosure proceedings and obtaining possession of the Property without further order of the Bankruptcy Court.

5. The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder.

6. In the event that Creditor is granted relief from the automatic stay, Creditor and Debtor hereby stipulate and agree that the fourteen (14) day stay provided for by Federal Rule of Bankruptcy Procedure 4001(a)(3) shall be waived in its entirety.

- 3 -    CASE NO. 23-40197
**STIPULATION GRANTING ADEQUATE PROTECTION PAYMENTS**
Case: 23-40197   Doc# 63   Filed: 08/08/23   Entered: 08/08/23 13:14:16   Page 3 of 4
Case: 23-40197   Doc# 94   Filed: 12/27/24   Entered: 12/27/24 13:19:05   Page 9 of 19

7.  The foregoing terms and conditions shall be binding only during the pendency of the above-captioned bankruptcy case. If, at any time, the automatic stay under 11 U.S.C. § 362(a) and/or the co-debtor stay under 11 U.S.C. § 1301(a) (to the extent applicable) is terminated with respect to the Property by court order or by operation of law, the terms and conditions of this Stipulation shall cease to be binding and Creditor may proceed to enforce its remedies under applicable non-bankruptcy law against the Property, Debtor, and/or any co-debtor (to the extent applicable).

8.  In the event that this case is converted to a case under Title 11, Chapter 7 of the United States Code, the automatic stay provided for under 11 U.S.C. § 362(a) with respect to the Property shall automatically be terminated in its entirety without any further notice, order, or proceeding of the Bankruptcy Court. Further, if the automatic stay under 11 U.S.C. § 362(a) is terminated as a matter of law, the foregoing terms and conditions shall cease to be binding and Creditor may proceed to enforce its remedies under applicable non-bankruptcy law against the Property, Debtor, and/or any co-debtor (to the extent applicable).

9.  Any notice that Creditor shall be required to provide to Debtor or Debtor's attorney pursuant to the terms of this Stipulation shall not in any manner whatsoever be construed to be a communication under the Fair Debt Collection Practices Acts (FDCPA) as set forth in 15 U.S.C. § 1692 *et seq.*

**IT IS SO STIPULATED AND AGREED:**

**LEE BANKRUPTCY & RESTRUCTURING COUNSEL**

Dated: August 8, 2023

/s/ Michael D. Lee
MICHAEL D. LEE
Attorney for Debtor

**ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLP**

Dated: August 8, 2023

/s/ Fanny Wan
FANNY WAN
Attorney for Creditor

```
 1  Fanny Wan (SBN 277606)
    fwan@raslg.com
 2  ROBERTSON, ANSCHUTZ, SCHNEID & CRANE LLP
    350 10th Avenue, Suite 1000
 3  San Diego, CA 92101
    Telephone: (470) 321-7112 ext. 52286
 4
    Attorney for U.S. BANK TRUST
 5  NATIONAL ASSOCIATION, NOT
    IN ITS INDIVIDUAL CAPACITY
    BUT SOLELY AS OWNER
 6  TRUSTEE FOR RCF2
    ACQUISITION TRUST
 7
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| IN RE: | CASE NO.: 23-40197 |
|---|---|
| | CHAPTER 13 |
| Michael Anthony Mannina, | R.S. No. RAS - 1 |
| Debtor. | |
| | **MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| | |
| | **Date:** August 16, 2023 |
| | **Time:** 9:30 AM |
| | **Location:** 1300 Clay Street, Suite 300 |
| | Oakland, CA 94612 |
| | **Judge:** William J. Lafferty |

### I. INTRODUCTION

Secured Creditor, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF2 ACQUISITION TRUST (hereinafter referred to as "Movant"), by and through the undersigned counsel, hereby moves this Court for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause on the grounds that Debtor have defaulted on the obligations secured by the subject property and Movant's interest in the property is not adequately protected.

- 1 -   CASE NO. 23-40197
MOTION FOR RELIEF FROM THE AUTOMATIC STAY

## II. JURISDICTION

The motion is brought pursuant to Local Bankruptcy Rule 4001-1, 9013-1, and 9014-1 of the Local Rules of Practice for the United States Bankruptcy Court, Northern District of California and is supported by the concurrently filed notice and declaration, as well as all other papers and pleadings on file in the Debtor's bankruptcy case, and such other evidence as may be filed prior to, or presented at, the hearing(s) in this matter.

The Bankruptcy Court has jurisdiction over this proceeding pursuant to 11 U.S.C. § 362. 28 U.S.C. §157 and §1334, and it is a core proceeding within the definition of 28 U.S.C. §157(b).

## III. RELIEF REQUESTED

Movant requests the Court enter an Order:

a. Granting relief from the automatic stay to allow Movant to exercise all available rights and remedies with respect to the real property collateral under the Promissory Note and Deed of Trust (and related documents) and applicable non-bankruptcy law;

b. Establishing that the Order hereon be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code;

c. Granting Movant the authority to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding

d. Waiving the 14-day stay set forth in Bankruptcy Rule 4001(a)(3); and

e. For such other and further relief as is just and appropriate in the circumstances of this case.

## IV. FACTUAL BACKGROUND

Debtor Michael Anthony Mannina, filed a voluntary petition pursuant to Chapter 13 of

- 2 -     CASE NO.   23-40197
MOTION FOR RELIEF FROM THE AUTOMATIC STAY

the United States Bankruptcy Code on February 22, 2023.

On July 20, 2005, Debtor Michael A. Mannina executed and delivered a Promissory Note ("Note") and Deed of Trust ("Deed of Trust") securing payment of the Note in the amount of $322,000.00 to Countrywide Bank, a Division of Treasury Bank, N.A. ("Lender"). The Deed of Trust was recorded on July 29, 2005, in Document Number 2005-0282543-00 in the Public Records of Contra Costa County, California. The loan was transferred to Secured Creditor. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "A." The documents include copies of the Note with any required indorsements, Recorded Deed of Trust, Assignment(s) of Deed of Trust, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

The Deed of Trust provides Secured Creditor a lien on the real property located in Contra Costa County, California, and legally described in Exhibits. This property is located at the street address of: 2755 Eastgate Avenue, Concord, California 94520 ("Subject Property").

The terms of the aforementioned Note and Deed of Trust have been in default, and remain in default, since April 1, 2023. See Secured Creditor's Declaration filed concurrently with this Motion and attached hereto as Exhibit B.

As of July 11, 2023, Secured Creditor is due the following amount:

| | |
|---|---|
| Principal Balance | $226,143.75 |
| Interest | $13,816.41 |
| Escrow Advance | $4,331.59 |
| Suspense Balance | ($24.98) |
| Total Fees | $184.00 |
| ACCUM Late Charges | $105.04 |
| Recoverable Balance | $7,766.47 |
| Total Debt | $252,322.28 |

- 3 -  CASE NO. 23-40197
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

According to Movant's Broker's Price Opinion, the value of the property is $550,000.00. See Exhibit "C" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

## V. LEGAL ARGUMENT

### A. "Cause" Exists Justifying Relief From The Automatic Stay Pursuant To 11 U.S.C § 362(D)(1)

"Cause" justifying relief from stay includes (but is not limited to) "lack of adequate protection of an interest in property" of the party requesting relief. 11 U.S.C. 362(d)(1). Whether there is adequate protection is a question of fact. *Matter of Plaza Family Partnership*, 95 B.R. 166, 171 (Bkrtcy. E.D.Cal. 1989); *In re O'Connor*, 808 F.2d 1393, 1395 (10th Cir. 1987). The debtor has the burden of proving that the secured creditor's interest in property (i.e., the collateral) is adequately protected. 11 U.S.C. § 362(g)(2); *In re Gauvin*, 24 B.R. 578, 580 (B.A.P. 9th Cir. 1982); *Matter of La Jolla Mortg. Fund v. Rancho Cajon Assocs.*, 18 B.R. 283, 288 (Bkrtcy. S.D. Cal. 1982); *Matter of Boomgarden*, 780 F2d 657, 663 (7th Cir. 1985). This includes proving "equity."

"Cause" is not specifically defined in the Bankruptcy Code. What constitutes "cause" for granting relief from the automatic stay is decided on a case-by-case basis. *Konremyer v. American Contractors Indemnity Co.*, 405 B.R. 915, 921 (9th Cir. BAP 2009). "Cause" includes a debtor's failure to make post-petition mortgage payments. *In re Ellis*, 60 B.R. 432 (B.A.P. 9th Cir. 1982).

In this instant case, Movant lacks adequate protection as a result of the Debtors failure to make post-petition payments on their loan with Movant due since April of 2023. Movant has not received any assurances from the Debtor that they intend to cure the missed payments or that they will make payments going forward. Accordingly, relief from stay should be granted so that Movant may exercise its rights under state law.

- 4 -    CASE NO.    23-40197
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

For all of these reasons, cause exists for the Court to grant relief from stay.

### B. The Recovery of Reasonable Attorneys' Fees Incurred throughout the Bankruptcy is Appropriate in Accordance with Loan Documents

According to the Loan Documents executed by and between Movant and Debtor, Movant is entitled to its costs and expenses in enforcing its interest to the extent not prohibited by applicable law. Specifically, Page 3 Section 7(E) of the Notice which can be found in Exhibit A states, "The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees."

Movant is seeking $1,238.00 in attorney's fees as a result of the fees incurred in the filing of this motion. Part of those fees include a $188.00 filing fee while the remaining balance can be attributed to the amount incurred by Movant's attorneys in drafting this Motion. As such, reasonable attorneys' fees are recoverable in accordance with the applicable loan documents.

### C. The 14-day Stay of Bankruptcy Rule 4001(a)(3) Should be Waived

As indicated above, cause exists to grant relief from the automatic stay in order to preserve and protect the Property. If relief from the automatic stay is granted, the Court should waive the 14-day stay of Bankruptcy Rule 4001(a)(3) to allow Movant to avoid any further delay in exercising Movant's rights and remedies under the Loan documents and applicable non-bankruptcy law. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

### VI. CONCLUSION

**WHEREFORE**, based upon all of the above, Movant respectfully requests that this Court enter an order as follows:

- 5 -　　CASE NO.　23-40197
MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Case: 23-40197　Doc# 59　Filed: 07/25/23　Entered: 07/25/23 13:02:36　Page 5 of 6
Case: 23-40197　Doc# 94　Filed: 12/27/24　Entered: 12/27/24 13:19:05　Page 15 of 19

a. Granting relief from the automatic stay to allow Movant to exercise all available rights and remedies with respect to the real property collateral under the Promissory Note and Deed of Trust (and related documents) and applicable non-bankruptcy law;

b. Establishing that the Order hereon be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code;

c. Granting Movant the authority to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding

d. Waiving the 14-day stay set forth in Bankruptcy Rule 4001(a)(3); and

e. For such other and further relief as is just and appropriate in the circumstances of this case.

Date: 07/25/2023

Robertson, Anschutz, Schneid & Crane LLP  
Attorney for Secured Creditor  
350 10th Avenue, Suite 1000  
San Diego, CA 92101  
Telephone: (470) 321-7112 ext. 52286  
By: /s/ Fanny Wan  
Fanny Wan (SBN 277606)  
Email: fwan@raslg.com

- 6 -  
CASE NO. 23-40197  
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**



### ROBERTSON, ANSCHUTZ, SCHNEID, & CRANE LLP
LAW OFFICES

| James Robertson, ESQ | Everett Anschutz, ESQ | David J. Schneid, ESQ |
| Member of Texas Bar | Member of Texas Bar | Member of Florida Bar |

| John Crane, ESQ | Sean Ferry, ESQ |
| Member of Texas Bar | Member of California Bar |

September 23, 2024

**Michael Anthony Mannina**
2755 Eastgate Avenue
Concord, CA 94520

**Michael D. Lee**
Lee Bankruptcy & Restructuring Counsel
75 East Santa Clara Street, Suite 1390
San Jose, CA 95113
Email: Michael.Lee@Lee-Li.com

SENT VIA EMAIL AND U.S. MAIL

RE: Notice of Default for Michael Anthony Mannina
Case No: 23-40197

Dear Sir/Madam,

I represent Selene Finance LP, the servicer for mortgage on your client's property located at 2755 Eastgate Avenue, Concord, CA 94520. Please consider this letter as a Notice of Default under the terms of the Stipulation for Adequate Protection. (DE #63 & 67) ("Stipulation").

According to Selene Finance LP, the Debtor has not made the following payments pursuant to the Stipulation. Pursuant to the Stipulation, entered on August 8, 2023, Selene Finance LP hereby provides notice demanding the default be cured within ten (10) days of the date of this notice.

The breakdown of the Debtors' default is as follows:
Payments Due:

| | |
|---|---|
| 03/01/2024 – 05/01/2024 regular payment @ $1,537.57 | $4,612.71 |
| 06/01/2024 – 09/01/2024 regular payment @ $1,572.55 | $6,290.20 |
| Attorney Fees | $100.00 |
| Suspense | ($1,382.49) |
| **Total Amount Due to Cure Default:** | $9,620.42 |

The address where payments should be sent is:

Selene Finance LP
3501 Olympus Boulevard
Suite 500
Dallas, Texas 75019

Pursuant to the Stipulation, failure to cure this default within ten (10) days from the date of this notice will result in Selene Finance LP filing an order terminating the automatic stay.

Please notify me once the payment has been sent, and please provide me with proof of the payment as well. Should you have any further questions, please feel free to contact me.

Sincerely,

/s/ Sean C. Ferry
Sean C. Ferry, Esq.
Attorney for Secured Creditor
1 Park Plaza, Suite 600
Irvine, CA 92614
Email: sferry@raslg.com

| Loan Number | [redacted] |
|---|---|
| Case# | 23-40197 |
| BK Filed Date | 2/22/2023 |
| Borrower | Michael Anthony Mannina |

| | Payment Change | |
|---|---|---|
| Effective Date | 9/1/2023 | 6/1/2024 |
| Amount | $1,537.57 | $1,572.55 |

## AGREED ORDER TRACKING

| | | |
|---|---|---|
| Entered: | 08/08/23 | |
| Regular Payments Resume: | 09/01/2023 lao $ 1537.57 | |
| Arrears Repayment Terms: | Stip payments on 09/15/2023 to 01/15/2024 lao $1235.84 and 02/15/2024 lao $ 1235.86 | |

### Strict Compliance Terms:

| Date Received | Amount Received | Amount Applied to Reg Pmt | Regular Payment Date | Amount Applied to Add Pmt | Add Pmt Date | To/From AO Suspense | AO Suspense Balance | AO Balance |
|---|---|---|---|---|---|---|---|---|
| 9/28/2023 | $2,306.36 | $1,537.57 | 09/01/23 | | | $768.79 | $768.79 | $7,415.06 |
| 12/7/2023 | $2,305.36 | | | $1,235.84 | 09/15/23 | $1,070.52 | $1,839.31 | $6,179.22 |
| 12/14/2023 | $7,551.44 | $1,537.57 | 10/01/23 | | | $5,013.87 | $7,853.18 | $6,179.22 |
| 12/14/2023 | | | | $1,235.84 | 10/15/23 | -$1,235.84 | $6,617.34 | $4,943.38 |
| 12/14/2023 | | $1,537.57 | 11/01/23 | | | -$1,537.57 | $5,079.77 | $4,943.38 |
| 12/14/2023 | | | | $1,235.84 | 11/15/23 | -$1,235.84 | $3,843.93 | $3,707.54 |
| 12/14/2023 | | $1,537.57 | 12/01/23 | | | -$1,537.57 | $2,306.36 | $3,707.54 |
| 12/30/2023 | $2,286.27 | $1,537.57 | 01/01/24 | $1,235.84 | 12/15/23 | -$487.14 | $1,819.22 | $2,471.70 |
| | | | | $1,235.84 | 01/15/24 | -$1,235.84 | $583.38 | $1,235.86 |
| 3/27/2024 | $1,524.18 | $1,537.57 | 02/01/24 | | | -13.39 | $569.99 | $1,235.86 |
| 3/27/2024 | $2,048.36 | | | $1,235.86 | 02/15/24 | $812.50 | $1,382.49 | $0.00 |
| 10/29/2024 | $1,524.18 | $1,537.57 | 03/01/24 | | | -13.39 | $1,369.10 | $0.00 |
| | | | | | | $0.00 | $1,369.10 | $0.00 |
| | | | | | | $0.00 | $1,369.10 | $0.00 |

(rows continue with $0.00 / $1,369.10 / $0.00)

| Due For: | Type | Date | Amount |
|---|---|---|---|
| | Reg | 04/01/24 | $1,537.57 |
| | Reg | 05/01/24 | $1,537.57 |
| | Reg | 06/01/24 | $1,572.55 |
| | Reg | 07/01/24 | $1,572.55 |
| | Reg | 08/01/24 | $1,572.55 |
| | Reg | 09/01/24 | $1,572.55 |
| | Reg | 10/01/24 | $1,572.55 |
| | Reg | 11/01/24 | $1,572.55 |
| | Suspense | | -$1,369.10 |
| | TOTAL | | $11,141.34 |

### To Be Paid By Debtor
#### AGREED ORDER ARREARS

| Payments | | | |
|---|---|---|---|
| From | To | Payment Amount | Total |
| 04/01/23 | 08/01/23 | $1,537.57 | $7,687.85 |
| | | | $0.00 |
| | | | $0.00 |
| | | | $0.00 |
| Total Payments in Arrears | | | $7,687.85 |

| Fees/Costs | | |
|---|---|---|
| | Atty Fees/Costs | $1,238.00 |
| | Property Inspections | |
| | Late Charges | |
| | NSF | |
| | Western Union Fees | |
| | Appraisal | |
| | Other | |
| Total Fees/Costs | | $1,238.00 |
| | Less Suspense Balance | $1,510.79 |
| AGREED ORDER TOTAL | | $7,415.06 |

| | | |
|---|---|---|
| 9/15/2023 | $ | 1,235.84 |
| 10/15/2023 | $ | 1,235.84 |
| 11/15/2023 | $ | 1,235.84 |
| 12/15/2023 | $ | 1,235.84 |
| 1/15/2024 | $ | 1,235.84 |
| 2/15/2024 | $ | 1,235.86 |
| | $ | 7,415.06 |

### To Be Paid By Trustee
#### AGREED ORDER ARREARS

| Payments | | | |
|---|---|---|---|
| From | To | Payment Amount | Total |
| | | | $0.00 |
| | | | $0.00 |
| | | | $0.00 |
| Total Payments in Arrears | | | $0.00 |

| Fees/Costs | | |
|---|---|---|
| | Atty Fees/Costs | |
| | Property Inspections | |
| | Late Charges | |
| | NSF | |
| | Western Union Fees | |
| | Appraisal | |
| | Other | |
| Total Fees/Costs | | $0.00 |
| | Less Suspense Balance | |
| AGREED ORDER TOTAL | | $0.00 |